# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Konecranes, Inc.**
**and Terex Utilities, Inc., d/b/a Terex Services**

    *Plaintiffs,*

**v.**                                                               Case No. 3:17-cv-00064
                                                                         Judge Thomas M. Rose

**Hoist & Crane Service Group, Inc.**
**and David E. Backhaus and Michael Anderson**
**and Nicolas Shafer.**

    *Defendants.*

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION FOR A PARTIAL STAY OF PROCEEDINGS, DOC. 4, AND, RETAINING JURISDICTION PENDING RESOLUTION OF PERTINENT ISSUES OF STATE LAW, AND ORDERING PLAINTIFF TO FILE QUARTERLY STATUS REPORTS.**

---

Pending before the Court is a Motion for a Partial Stay of Proceedings from Defendants: Hoist & Crane Service Group, Inc. ("Hoist & Crane"), David E. Backhaus, Michael Anderson, and Nicolas Shafer (Doc. 4). Therein, Defendants request that the federal claims against Hoist & Crane and Backhaus be stayed pending the resolution of a state action out of Wood County, Ohio. Because there are parallel claims in State and Federal court, Defendants' motion for abstention is **GRANTED**.

## I. Background

This matter arose out of contractual disputes between Plaintiffs Konecrane, Inc. and Terex Utilities, Inc. ("Plaintiffs") and Defendants David Backhaus, Michael Anderson, and Nicolas Shafer, former employees of Konecrane. As a precondition to employment, Plaintiffs mandate that certain potential employees sign a confidentiality, non-competition, non-solicitation, and non-recruiting agreement (Doc. 1, p. 77-80) in order to keep confidential and proprietary information private in the event that there ever is a separation. Backhaus, Anderson, and Shafer all signed the agreements. Over the course of several months in the summer of 2016, Backhaus, Anderson and Shafer all ended their employment relationships with Plaintiffs and began working for Hoist & Crane.

Konecrane then filed a series of lawsuits against Hoist & Crane and former employees alleging breach of contract, violation of Ohio Uniform Trade Secrets Act, tortious interference with contract, tortious interference with business relationships, unfair competition, and civil conspiracy. The first suit was filed in September 2016 in common pleas court in Wood County, Ohio. The next, which is the genesis of this case before the Court now, was first filed on December 22, 2016 in Monroe County, Michigan. It was subsequently removed to the Montgomery County, Ohio, common pleas court on February 10, 2017, and then removed to the Southern District of Ohio on February 23, 2017.

Hoist & Crane, and one of the employee defendants, Backhaus, now ask this Court for an order staying the federal proceedings against them until the conclusion of the Wood County state court action.

## II. Motion To Stay

A decision to stay a proceeding is entirely within a district court's discretion. *Ohio Envtl. Council v. United States Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Amer. Co.*, 299 U.S. 248, 254-55 (1936).

In *Colorado River Water Conservation Dist. v. United States*, the Supreme Court explained that considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). The Supreme Court explained that the principles of the doctrine "rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

1. **Parallel Action**

Before the *Colorado River* doctrine can be applied, however, this Court must determine if the concurrent federal and state actions are indeed parallel. Suits are parallel when the federal and state actions are inextricably woven and involve substantially the same parties litigating substantially the same issues. *Romine*, 160 F.3d 337 at 340. Additionally, there is "no requirement that the parties in the state court proceedings be identical to those in the federal

case." *Bates v. Van Buren Twp.*, 122 Fed. App'x 803, 806 (6th Cir. 2004). The Sixth Circuit has never held that only a perfect, or even near-perfect, symmetry of parties and causes of action would satisfy parallel requirement. *Romine*, 160 F.3d 337 at 340.

Here, the suits, while not identical, are parallel. Both the Wood County action and this federal action contain substantially the same parties. Konecrane/Terex are plaintiffs, and Hoist & Crane and Backhaus are defendants in both suits. The difference in the parties is that Anderson and Shafer are added to the federal action and several individuals named in the state suit are left off of the federal claim. Nevertheless, if a party is named in a federal action but is not named in a state action, the inquiry regarding the parallelism of parties blends into the inquiry regarding the parallelism of issues. *P&G v. Alberto-Culver Co.*, 1999 U.S. Dist. LEXIS 23140, at *9 (N.D. Ill. April 27, 1999). In this case, the major players remain the same. (Doc. 4, p. 5).

In addition to the similar parties, the cases are parallel in that they are both about essentially the same issues: former Konecrane employees leaving the company to work for Hoist & Crane, a competitor. Both suits allege breach of contract, misappropriation of trade secrets, tortious interference with contracts and business relationships, civil conspiracy, and unfair competition. The only difference is that the Wood County case alleges unjust enrichment and the federal case does not. Here, because the parties and claims are substantially similar and flow from similar fact patterns, the Court considers the cases parallel for purposes of the *Colorado River* doctrine.

### 2. Colorado River Factors

Having affirmatively established the threshold issue of whether the state and federal proceedings are parallel, the Court now must examine and analyze the eight factor test set forth

by the Supreme Court. In *Colorado River*, the Court stated that in determining whether to defer to the concurrent jurisdiction of a state court, a federal district court must consider the following eight factors: (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained…(5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction. These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a given case" depending on the particular facts at hand." *Romine*, 160 F.3d at 340-41 (citations omitted).

### A. Jurisdiction over *res* or property

There is no issue of property in this case, so this factor militates against abstention. "When the state court does not assume jurisdiction over any *res* or property, federal jurisdiction is supported." *Reynolds & Reynolds Co. v. Mikuta*, 2015 U.S. Dist. LEXIS 16920 (S.D. Ohio Feb. 11, 2015).

### B. Whether the federal forum is less convenient to the parties

The federal forum, in Dayton, is less convenient to the parties, and thus weighs in favor of abstention. Most of the parties to this action are from northwest Ohio or southeast Michigan, and as such, Wood County, Ohio, is closer to the litigants and potential witnesses. Plaintiff argues the only reason the case is before this court is because Defendant refused to submit to the jurisdiction of the Monroe County, Michigan circuit court, and while that statement is partially true, it does not tell the whole story. The contract that Konecrane required its employees to sign has a forum selection clause that states: "Any disputes…shall be resolved in a court of competent

5

jurisdiction in Montgomery County, Ohio…" (Doc. 1, p. 77-80). Whatever reason Defendants had for removing the case to the Montgomery County Common Pleas Court, is immaterial because the forum selection clause was placed into the contract by Konecrane. If Plaintiff did not want to litigate in Montgomery County, Ohio, they should have changed their contract.

### C. Whether abstention would avoid piecemeal litigation

"Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. Here, the claims in state and federal courts are virtually identical, and against similar parties. As noted *supra*, all except the unjust enrichment claims asserted by Plaintiff can be found in both the state and federal actions. Because of that, there would almost necessarily be duplicative judicial action, and thus a real risk of conflicting results. However, Plaintiff does raise the persuasive argument that Defendants ask for a stay as to Hoist & Crane and Backhaus only, not Anderson and Shafer. Thus, in the event that a stay is granted, the latter two would remain on this court's docket, and would create a waste of judicial resources. Accordingly, this factor weighs in neither party's favor.

### D. The order in which jurisdiction was obtained

The fourth *Colorado River* factor, the order in which jurisdiction was obtained, gives preference to the court in which the case was first filed. Here, the state court proceedings began in Wood County, Ohio on September 14, 2016. This case, which began in Michigan state court, was first filed on December 22, 2016. It was then moved to the Montgomery County common pleas court on February 10th, 2017, and finally removed to the Southern District of Ohio on February 23, 2017. Because the state court action was filed first, by several months, this factor militates in favor of abstention.

### E. Whether the source of governing law is state or federal

The fifth factor, the source of governing law, clearly favors abstention. "In cases where state law applies, rather than federal law, federal courts have routinely agreed to abstain from asserting jurisdiction." *Brand Energy Servs., LLC v. Enerfab Power & Indus.*, 2016 U.S. Dist. LEXIS 154809, at **12-13 (S.D. Ohio Nov. 8, 2016). In this case, both parties agree that all claims arise under Ohio law. Plaintiffs have asserted six claims, all arising under Ohio law, including violations of the Ohio Uniform Trade Secrets Act, Ohio Revised Code § 1333.61-.69. Moreover, the contracts which Defendants signed clearly stated "[a]ny dispute regarding the terms of this agreement shall be resolved in a court of competent jurisdiction in Montgomery County, Ohio and under Ohio law." (Exhibit A, p. 4). Thus, state law is controlling and weighs in favor of a stay.

### F. Adequacy of the state court action to protect the federal plaintiff's rights

Because all claims are state law claims, the state court is capable of protecting the federal plaintiff's rights. Both parties agree, and Konecrane admits, that the state court can fairly adjudicate their claims against Hoist & Crane and Backhaus. (Doc. 9, p. 15). This factor weighs in favor of a stay of the federal case.

### G. Relative progress of the state and federal proceedings

The seventh factor, the relative progress of the state and federal claims, militates in favor of abstention. Without question, the state action has progressed further than this case. On September 15, 2016, the Wood County court issued a temporary restraining order against the defendants, on September 26, 2016, that court ordered expedited discovery, Plaintiff filed an emergency motion for finding contempt and sanctions on December 19, 2016, and that was denied a few days later. Additionally, depositions have been scheduled, and a preliminary

injunction hearing was to take place on April 26 and 27, 2017. In contrast, this federal claim has only seen motions for attorneys to appear *pro hac vice*, and this matter regarding the stay. Accordingly, this factor weighs in favor of a stay.

### H.  Presence or absence of concurrent jurisdiction

The final *Colorado River* factor favors abstention as both parties agree that concurrent jurisdiction is present. (Opposition Doc. 9, p. 21).

### III.  Conclusion

Having considered all of the *Colorado River* factors, the Court has decided that abstention is appropriate, and will stay the federal case in its entirety, as to all parties, until the Wood County case has been resolved. A stay "enables the parties to return to the judge who is already familiar with the case, and generally protects all of the rights of the parties without imposing additional burden on the district court." *Emerald Logistics, Inc. v. Crutcher*, 2008 U.S. Dist. LEXIS 64898 at *6 (S.D. Ohio Aug. 25, 2008). Plaintiffs are ordered to file quarterly status reports informing the Court of progress with the Wood County case. [1]

/s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution of judicial extern John M. Lintz in drafting this opinion.